UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICHAEL A. BURNHART, | ) | CASE NO. C06-0816-RSL-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AMENDED REPORT |
| | ) | AND RECOMMENDATION |
| COMMANDER REED HOLTGEERTS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### INTRODUCTION

Plaintiff is a pretrial detainee who is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. §1983. For the reasons stated below, the court recommends that plaintiff's second amended complaint be filed.

### BACKGROUND

On June 12, 2006, plaintiff submitted a complaint challenging the alleged policy of the King County Regional Justice Center ("RJC") of recording the telephone conversations of detainees such as himself. (Dkt. #1). Plaintiff named the commander of the RJC, Reed Holtgeerts, as the sole defendant in this action.

AMENDED REPORT AND RECOMMENDATION
PAGE -1

The undersigned United States Magistrate Judge screened the complaint pursuant to 28 U.S.C. § 1915A, and found that the complaint did not refer to any federal statute or provision of the federal Constitution, and thus failed to state a cognizable claim under § 1983. (Dkt. #12 at 1). Rather than dismiss the complaint, the Court issued an Order granting plaintiff 30 days in which to file an amended complaint.

On July 12, 2006, plaintiff filed an amended complaint. (Dkt. #13). In the amended complaint, plaintiff asserted in a conclusory fashion that the monitoring of telephone conversations at the RJC violated the United States Constitution, but then in an attached memorandum, plaintiff referred solely to Washington state law as the basis of his claim. Because the amended complaint did not cure the deficiencies in the original, and because plaintiff had been given a chance to amend, the Court issued a Report and Recommendation ("R&R") recommending dismissal of the lawsuit for failure to state a clam for relief under § 1983. (Dkt. #14). Plaintiff was advised that the deadline for objections to the R&R was August 10, 2006. (Dkt. #14, Attachment #1).

On July 27, 2006, plaintiff filed a single-page document entitled "Plaintiff's Objections to Recommendations [sic] Requesting additional time to file objections." (Dkt. #15). On August 8, 2006, plaintiff filed objections to the R&R. (Dkt. #17). The "objections," however, consisted only of a second amended complaint, with no reference to the pending R&R. On September 6, 2006, the Honorable Robert S. Lasnik, the District Judge assigned to this case, referred plaintiff's second amended complaint to the Court to review and issue an amended R&R. (Dkt. #18). The Order of Reference also states that the Court may consider, as part of its review, plaintiff's pending motion for an extension of time to file objections (Dkt. #15) and the objections themselves. (Dkt. #17).

AMENDED REPORT AND RECOMMENDATION
PAGE -2

## DISCUSSION

At the outset, the Court notes that plaintiff does not challenge any portion of the previously-issued R&R in his objections. Rather, plaintiff's objections consist solely of the second amended complaint ("second amended complaint" or "complaint") itself, which plaintiff states "is to serve as Plaintiff's formal objection to the courts [sic] report and recommendation." (Dkt. #17 at 1). Thus, by not objecting to any specific part of the R&R, it appears that plaintiff tacitly agrees with the Court's conclusion that the first amended complaint failed to state a cause of action under § 1983. Rather, it appears that plaintiff wishes to offer a substitute amended complaint that cures the deficiencies of its predecessor. Accordingly, the Court has examined the second amended complaint to see if it raises a cause of action cognizable under § 1983.

The complaint presents a litany of alleged constitutional violations (Dkt. #17 at 2); however, it does not describe the violations in any detail, nor does plaintiff present any argument or cite any cases that would provide a legal basis for these claims. Therefore, plaintiff's attempt to raise myriad constitutional claims fails and these claims should be dismissed.[1]

The complaint does raise a new claim, however, which appears to be based upon a violation of a federal statute. Plaintiff asserts that the recording of inmates' telephone calls at the RJC violated the federal Wiretap Act, 18 U.S.C. § 2510 *et seq*. This statute has served as the basis for § 1983 actions in other courts.  *See, e.g., In Re State Police Litigation*, 888 F. Supp.

---

[1] In addition, the court should decline to exercise pendent jurisdiction over plaintiff's claims based upon state law, which assert that the recording of inmates' telephone conversations violates several Washington statutes and regulations. The state law claims raise "novel or complex" issues that would best be resolved in the first instance by the state court, and should therefore be dismissed. *See* 28 U.S.C. § 1367(c)(1); *see, generally, Executive Software v. U.S. District Court*, 24 F.3d 1545 (9th Cir. 1994).

01  1235, 1261-68 (D.Conn. 1995). While the Court expresses no view at this time as to the merits

02  of plaintiff's claim under the Wiretap Act, it appears that for the purpose of surviving an initial

03  screening under § 1915A, the complaint states a cause of action under § 1983 that may proceed.

04  　　　　Whether this action *should* proceed, however, given the procedural history of the case, is

05  a distinct question that should be examined separately. Plaintiff's original complaint was deficient

06  and plaintiff was given a chance to amend the complaint. He failed to do so in a manner

07  satisfactory to the Court, and the Court recommended dismissal. Now plaintiff raises an entirely

08  new legal theory, based upon the Wiretap Act, in an effort to save this cause of action. The only

09  excuse that plaintiff offers for not raising the claim earlier appears to be the assertion that he has

10  only recently been able to research federal case law. (Dkt. #15).

11  　　　　Plaintiff offers no evidence in support of the assertion that his research was limited to state

12  law until recently. But in light of plaintiff's status as a *pro se* litigant and the general principle that

13  decisions on the merits are to be favored over dismissals based on technicalities, *see Foman v.*

14  *Davis*, 371 U.S. 178, 181 (1962), the Court recommends that plaintiff be granted leave to amend

15  his complaint a second time, and that the second amended complaint that he has submitted be filed.

16  　　　　　　　　　　　　　　　　CONCLUSION

17  　　　　Based on the foregoing reasons, the Court recommends (1) that plaintiff's second amended

18  complaint be filed; (2) that the constitutional and state law claims therein be dismissed; and (3) that

19  the claim under the federal Wiretap Act be allowed to proceed. In addition, plaintiff's pending

20  motion for an extension of time to file objections, as well as the Court's previous R&R, should

21  / / /

22  / / /

AMENDED REPORT AND RECOMMENDATION
PAGE -4

be stricken as moot. A proposed Order is attached.

DATED this 15th day of September, 2006.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

AMENDED REPORT AND RECOMMENDATION
PAGE -5